Good morning, your honors. May it please the court, Philip Trevino on behalf of the petitioner appellant. I'd like to start by focusing the court on one aspect of the district court's order denying relief, which was that it distinguished this matter from the Bresenio decision from this court. And in doing so, it observed that, and I quote, there was no evidence of any excerpt of record before this court at page 56, and Respondent picked that up, that same theme up and argues it in the answering brief. And that leads to What's the status of Bresenio at this point, anyway? I apologize, I'm not, I believed it was still good law. I apologize for that. Why do you think that? At the time I was working with it, I believed it was. I'm sorry, am I wrong? I thought the Emory decision The Emory decision, but for the reasons discussed in the opening brief, I discussed how I believed that Emory was in a posit here because Emory only focuses on the second prong of the California statute. And petitioner's claim before this court is as to both the first and the second prong. But isn't Emory a game changer on that prong because it focuses on Albalor, the California Supreme Court case, which changed the entire analysis for Bresenio and other cases? As to the second prong, perhaps, yes, Your Honor, is correct. But one of the focuses of your argument is the second prong, as I understood it, that perhaps there would be, the argument is that there would be insufficient evidence to show that Thompson committed these crimes with fellow gang members since the other two individuals have not been identified. Is that one of the arguments? That is one aspect of the argument, but the argument has an additional equally significant prong, and that is the first prong, which the Emory decision does not undercut, in my judgment, and respectfully, where Bresenio still does remain applicable in good law. As to whether it was committed for the benefit or ethical direction of? Yes, correct, Your Honor. So in that respect, I apologize if the Court differs with me on this, but respectfully, I do see Bresenio as remaining still valid for this proposition. On the first prong? On the first prong, correct. And I would further point out to the Court that since in Emory it was only the second prong that was addressed, and we are addressing the entire claim as Why about Abelard? Didn't that have both prongs in it? No, Your Honor. The California State Court's decision, to my recollection, is only as to the second prong, because that was the question before it, and that was the question this Court had certified for the California State Supreme Court to address. But the case was not actually the certified case. No, it was not. It was an intervening decision in Abelard that the California Supreme Court issued, and which this Court then interpreted in Emory. Well, can you tell us then, as to prong one, what is exactly your argument? My argument is there is no evidence. That? There is nothing other than the State's, the prosecution's experts hypothetical premised upon no specific evidence to this particular crime. There is sightless evidence as to the locus that that was a gang territory. It's clear my client is an admitted, acknowledged, well-established gang member. None of that is in dispute. Never denied that here. But what the gang expert essentially did, in my opinion, is he came in and trumped the jury as to its finding of fact. Well, this is my problem. As I understand it, you are not challenging or didn't challenge and couldn't now the admission of the gang test, of the expert, so-called expert testimony. So it's there, right? Correct. With it there, I mean, I understand that it's questionable and you don't like it, and I don't love it either, but it's there. Given that it's there, why isn't there good enough evidence? It doesn't give us anything as to the offense actually that was committed. Well, it says that this guy was a gang member. He had previously been in a very similar location with a bunch of gang people doing gang stuff. This building was apparently under the, he said, was under the control of the gang, and he gave a reason why they would be doing this, that they steal things in order to support their gang stuff. And so if you credit all, if that is all in the record, whether it should or shouldn't be, then what's wrong with it? You bring me to my home base. The Rule 201 motion that's still pending before this court, and which brings me back to my initial comment before this court today, which is the district court's decision, relying at least in part upon this assessment, that there was nothing in the record to suggest any alternative motive. And in fact, I respectfully submit that Rule 201 motion gives this court a very clear, speculative, but very clear potential reason why this was not at all within the purview of that statute. That this may well have been some score to be settled between gang members. It was all of that case law that talks about And you mean it is suspicious that this guy was formerly in a gang and all that? Correct. And convicted in federal court for gang-related activity with the same gang. None of that evidence was before the jury, though, was it? That's correct. And the respondent would have this court disregarded, except if this court were sitting in a direct appeal context, I would agree it would be impermissible. But this court is sitting in habeas. And this court does have the authority and the ability, under the rules, to do so, to remand this matter to the district court. For it to revisit its statement in the record, there's no other reason to believe that this had anything to do with other than gang activity. There is a reason. There's a factual reason I submit this court can't take judicial notice of. My client was in per se in the district court. Where was this evidence? It wasn't evidence. It was judicial notice of this guy appearing in some other case at some other time. A case before this court. A person by that name. Correct. It was an unpublished decision before this court. A person by that name. I apologize, Your Honor? A person by that name. By that relatively unusual name. And I'd like to indicate, too, 13 months ago now, I asked the respondent to confirm or deny the identity between those two individuals, whether this was the same person relying upon law enforcement reports. Tell me why that would matter. If you... Why that would preclude, or even be relevant necessarily, to a finding of whether or not this was for a gang, benefit of the gang. Doesn't that go back to Judge Berzon's initial question? If we credit the expert witness testimony and all of his opinions about the gang-controlled territory, gang acts of violence, robbery to fund the gang, all in pursuit of benefiting the gang, along with the 1101B type evidence of the prior incident a month before, isn't that sufficient credible evidence for It is one interpretation. But Judge Sobral, respectfully, this separate evidence out there would completely demolish that. I'm sorry. I'm having trouble finding out why. Just a minute. Hold on a minute. Suppose it would prove that they really went after him because he was a prior gang member and they were mad at him and the gang was mad at him. Is that still for the benefit of the gang? I'd have to respectfully submit that would have been for the jury to determine. And my view is... It wasn't put on. So what's your claim? A due process claim? What is it? The claim, Your Honor, is that that statute has not been satisfied. Well, the statute's been satisfied on the record. You're saying there should have been something else on the record that wasn't there. How does that turn into a habeas case? Turning back to the district court statement that there was no alternative explanation for this. I understand. In the record. Okay. But in the record, even without the district court, even without it having the benefit of the contents of the Rule 201 motion, the district court, respectfully in my judgment, went beyond what it needed to do in drawing an unsubstantiated conclusion. It speculated, and I don't believe unreasonably perhaps, but it speculated outside the record that there could be no other interpretation. Well, of course, first of all, we have an ed issue, so it's not this Court speculating. It's whether this Court thought that the State court was unreasonable in concluding that there was adequate evidence. But the State court's analysis, Your Honor, respectfully, was equally thin. And it equally was premised upon an expert's testimony that in no way tied directly to the facts of the specific events. All this tying again to the locus and to the status of the perpetrators, yes. But nothing specific as to this particular offense, and in particular, now we have this other context and this background as to the victim. It puts everything, frankly, in a different light. But we don't have it because it's not in the record before the jury and the district court. What's the relevance of it? Your Honor, the relevance is it gives you, respectfully, the ability, if you choose to exercise it, to analyze more fully whether the district court's statement, in fact, is tenable. And respectfully, I urge the Court to conclude that it isn't. No. The question isn't whether the district court's decision was tenable. The question is whether it was unreasonable. It's a de novo question for us whether it was reasonable for the State court to think this. And certainly it was reasonable for the State court to decide whatever they decided on the record in the case and not in some other case. For the same reasons I perceive the district court's judgment as unreasonable, respectfully, acknowledging all of the case law as to habeas, which I do, I believe, and I hope I did in my opening brief, I still find the State court's findings also unjustified in that respect. And I'm about to expire with my time. Thank you very much. Thank you, Your Honors. Good morning, Your Honors. May it please the Court, Deputy Attorney General Eric Cohen, on behalf of Respondent. As a preliminary matter with respect to the request for judicial notice, I think it's important to note that that opinion of this Court was issued in 1995. I think it is preposterous to now ask this Court when the district court wasn't even given an opportunity to look at that.  say, well, let's look at it. I agree, Your Honor, as I advanced in my brief. This was not evidence in the record. All right. So what is your understanding, first of all, of the state of the law after Bersino and Abelard and our case after Abelard? Where are we on what the standards are that are applicable here? Very good, Your Honor. I think that the standards were made clear by Abelard, and this Court's evidence since have shown that Bersino was rejected by the California Supreme Court. Well, I mean, one thing that's very odd is that Bersino was read as having said that you needed evidence of some, first of all, it was about Prompt II, right? Correct. And it was, and it really, what Bersino was about was that there was no direct evidence of intent, not that there was, not this notion that you had to have some other crime. That was the earlier case Garcia was about. It had to be for the purpose of advancing some crime other than the crime of conviction. Correct. So I don't know, to me, Bersino was about what the adequacy of the evidence of intent was, and I'm not entirely sure how Abelard was relevant to that. Well, I think because Abelard expressly held what level of evidence was required on the intent prong. It's, if you will, a final statement, at least at this point, on the issue of intent. All right. So what about the, so now we're being told forget Prompt II. What about Prompt I? On Prompt I, Your Honor, I think it's clear that the California Court of Appeals' rejection of Petitioner's claim was not an unreasonable application of Jackson. We know that under Jackson, the rule is clear that what we're looking at today is whether any rational trier of fact could have found the evidence sufficient to support the issue. Not a reasonable doubt. Absolutely. Including reasonable inferences, Your Honor. And so we're here to decide whether that ruling was objectively unreasonable. Counsel is having this Court believe that the only thing we have is speculative general statements by a gang expert. I don't believe that that's true at all. I think we have very clear direct evidence. Allow me to lay it out. Initially, we have Petitioner, who in late 2003, prior to the crime, is sending letters to a high up in the gang, who's in prison at the time, directly inquiring how to further the gang, how to differentiate the gang from other gangs, and how to further himself within the gang. We know that a few months before this crime, as the courts noted, Petitioner's found in a subterranean garage on the same street as this guy, a few blocks away, with other gang members, armed at the time. A few months later, we have him again luring somebody into a subterranean garage with other people. Now, the argument is there's no evidence that these other people were gang members. I disagree. One of the letters that Petitioner wrote to the fellow gang member in prison specifically referenced a man by the name of J.R., who our gang expert testified was probably, most certainly, Reginald Thomas. Reginald Thomas, although the identification was not solid, the victim did say that he believed one of the other assailants of this crime was Reginald Thomas, a fellow gang member of Petitioner. I think when we take this in whole, then combine it with the gang expert testimony, it's not just a reasonable inference that this crime was committed with other gang members in furtherance of the  crime. It's common sense, Your Honor, that that's what was going on here. If we turn to the second prong, which, as I understand, Avalar and Emery requires that there be evidence that the defendant in this case, now Petitioner Thompson, assisted fellow gang members in the commission of the charged crime, that that would be sufficient to meet prong two. Here, the co-conspirators, the other two individuals, have never been identified. What would be the evidence to suggest that prong two has been satisfied, that is, that Thompson was assisting fellow gang members when these crimes were committed? Well, Your Honor, first I'd note that the current state of the law under the California Supreme Court's holding of People v. Rodriguez shows in the dicta of the plurality decision that whereas for Subdivision A of Penal Code 186.22 requires that a crime be committed with fellow gang members, Subdivision B, which is the sentencing enhancement, does not, in fact, require that they, in fact, be gang members. For example, we've had case law showing that they could want to be gang members who are trying to get in but aren't yet gang members. We've also had case law suggesting that they could be loan members acting on behalf of the gang. B-1 or B-2 now? Excuse me, I'm sorry, Your Honor? Are you talking about B-1 or B-2? B-2. B-1 does require that they be gang members. B-1 being a separate crime, not a sentencing enhancement, and we're here on the sentencing enhancement. Not A, B-1. Correct. Requires that, the first prong of B-1, right? B-1 being for the benefit direction of or in association with a criminal street gang. I thought that's A. Am I wrong? That's B-1. That's B-1. But B-2 is the specific intent to assist other gang members in the commission of the crime. Correct. However... When we don't know who the other two are, what's the evidence that they were gang members? Well, I would submit that we do have at least a reasonable inference that Reginald Thomas was involved. We had a partial, albeit not a concrete airtight identification. I.e., would anybody regard that as a beyond a reasonable doubt when somebody says, well, it might have been him? They don't have to regard it beyond a reasonable doubt that it was Reginald Thomas. What they have to regard beyond a reasonable doubt was that it was a fellow gang member. Well, I understand that. But the Thomas thing was completely vague. Your Honor, we have expert testimony, which we know is sufficient under the law to support this element. We have expert testimony saying, well, you have this coordinated effort in a known gang hangout to lure an individual in. Petitioner was not working alone. He was luring the victim into this sub-training garage so that two other men could help him kidnap and attempt to murder the victim. We have expert testimony showing he would not have done so without others involved. Additionally, we could even step back and remove the two members who were with him and say he was writing letters both before and after the crime, evidencing that his clear intent was to act in association and in furtherance of the gang. He's writing a letter to a fellow gang member who is higher up saying, how do I do this? How do I advance the gang? How do I get more into the gang lifestyle? But the connective between those letters and this event isn't there. I don't follow, Your Honor, how it's not there. He's writing letters both before the crime, asking how to further and after. Right. And then he's doing something. He's also walking down the street and eating breakfast. But that doesn't prove that when he walks down the street and eats breakfast, he's doing it for the benefit of the gang. I think the difference is people don't eat breakfast for the benefit of the gang.  And we know, as a matter of fact, gang members commit crimes for the benefit of gangs. Well, of course. But that can't possibly be sufficient evidence. I mean, this whole thing with the expert evidence is very disturbing for the reason you just said. Yeah, we know gang members commit crimes for the benefit of the gang. Does that mean that whenever it can't? We know it also isn't true that whenever a gang member commits a crime, that's it. Otherwise, you wouldn't have the statute written this way. I agree with you, Your Honor. And that's why I think we come back to the original evidence. I'm not sure that's really any different than the general statement that gang members commit crimes for the benefit of the gang, but put in the mouth of an expert. We have a known gang member who has been soliciting from higher-ups in the gang, how do I further myself in the gang, then committing the very type of crime that an expert testifies is how one furthers oneself in the gang. He's not hiding what his intent is. He's writing it in letters with gang terminology and symbols. Isn't basically any crime the kind of crime that supposedly advances your status in the gang or the gang as a whole? But this is where I would submit that Briseño is relevant. I suppose he committed, you know, what crime could he have committed that wouldn't have been in this category? This is a perfect example of where Briseño is still relevant. In Briseño, we had evidence saying that these people were stealing so that they could buy Christmas presents. We don't have any alternative purpose identified here. Your Honor, you discussed heavily when counsel was before you about the evidence that was in the record. There's no evidence of an alternative purpose in this record. The evidence that Petitioner advanced in his defense was it wasn't me. There's also no evidence of a gang purpose, except this generalized expert. But, Your Honor, what evidence could there be of gang purpose beyond an expert who there's no question as to his foundation? My reading of these records is there often is. They either say that they're there for the gang or they, I mean, there's something specific here. There's nothing. I mean, we don't know who the people are. That's what makes this case unusual. We do not know who the other two people were. I agree with that, Your Honor. We know, however, that California law does not require a gang member to identify himself or make any call-outs during the commission of a crime. Is there any other case in which we don't know that there was more than one gang member there? I'm not following. You're asking me the history of precedent? Yes, in which there has been a gang enhancement found in which we don't know that the, we know that one but not the other two people involved were actually even members of the gang. Your Honor, off the top of my head, I couldn't tell you that. What I can tell you is that there's ample case law that where an expert provides testimony that supports the element that evidence is sufficient. There was no challenge to the foundation of this expert's qualifications. Additionally, as I mentioned earlier, even if we remove these other two individuals who participated in the crime, we still have the higher-up in the gang who's in prison who- Did the higher-up say, go commit this crime? Or this kind of crime would be the right kind of crime to do? Or did he say, I'm going to do a crime like this because that's going to enhance- What is the connection? Your Honor, that's not the question. The question is, what was this individual's intent when he committed the crime? And what is the connection? And his letters show what his clear intent were. His intent was, how do I immerse myself in the gang lifestyle and how do I better this gang? In a fairly abstract way, right? I don't believe it was in an abstract way at all, Your Honor. We're talking about watching the movie Goodfellas. No, that's one letter, Your Honor. That's one letter. And when he referenced those gangster movies, he said that he indicated that he was trying to learn about the gang lifestyle. But the more important letter to me was the one riddled with symbols and terminology when he references the Black Flag Gang and inquires, do we have to be better or different from that gang? Do we need a different project card? I don't think you can more clearly lay out that your intent is to determine, how do I make this gang better and different? How do I make my place in this gang as a gang member in addition to that? I don't think this is a case where we have just generalities. We don't have an expert just standing up there going, well, I think this is the type of crime a gang member commits. No, we have actual evidence saying this is an individual who hangs out in subterranean garages with other gang members, is in this gang territory, did it again a few months later, and was doing it all along, both before and after, evidencing his intent to further the gang in letters to higher-ups in the gang.  simply not say that it was objectively unreasonable for the California Police Department to do that. Thank you very much. Thank you for your useful argument. This time is up. We'll give you a minute in rebuttal. Thank you. I'd be happy to answer any questions from the court, but the one point I'd like to say, our address is, counsel indicates that this court's decision that I'm asking for the court to take judicial notice of is dated. It is dated, but it's the fact that those records, the judicial records I've put before this court in that motion, also show the length of incarceration. You're completely undermining your case by saying anything about these things. I mean, there's no way it could be relevant to anything. Yes, Your Honor, I respect that, and obviously your judgment matters enormously here, but I guess I just must adhere to the point that it seems relevant to me that that same man, Mr. Towles, was released from that federal incarceration. He might have been if somebody brought it up at trial, but nobody did. And again, were this court not sitting in habeas, I would never have brought this up. But Mr. Towles, we know from those testimonies that Mr. Towles committed. Going back to prong two, the expert also opined that given the location of this underground garage, it being gang controlled, that it is improbable the interlopers would participate, that this had to be gang related. In other words, that Mr. Thompson was acting in conjunction with fellow gang members to commit this crime. Otherwise, the interlopers would have been harmed by the gang. Isn't that also sufficient evidence that goes to the, particularly the second prong? As to the second prong, perhaps, but not as to the first. And we are still left with the same questions as to the first prong. Unless the court has other questions, respectfully, I'd submit them out. Thank you both very much for your useful argument in this interesting case. The case of Thompson v. Adams is submitted. We will go to Wang v. Holder, and then as I said, we will take a break.
judges: Sabraw, NOONAN, BERZON